■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER M. KALEN, Appellant. [890 NYS2d 877]—

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of endangering the welfare of a child (Penal Law § 260.10 [1]). Viewing the evidence in light of the elements of that crime as charged to the

jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although an acquittal with respect to those counts "would not have been unreasonable, upon weighing the probative value and force of the conflicting testimony and the inferences to be drawn therefrom," we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*People v Kuykendall*, 43 AD3d 493, 495 [2007], *lv denied* 9 NY3d 1007 [2007]; *see generally Bleakley*, 69 NY2d at 495). Indeed, defendant was acquitted of one count each of criminal sexual act in the third degree (Penal Law § 130.40 [2]) and endangering the welfare of a child, and two counts of sexual abuse in the third degree (§ 130.55). We accord great deference to the jury's credibility determinations, "which obviously reflect[ ] at least [the jury's] uncertainty concerning much of the complainant[s'] testimony [with respect to] the . . . crimes of which defendant was acquitted. However, the jury was entitled to credit some of [their] testimony while discounting other aspects" (*Kuykendall*, 43 AD3d at 495; *see People v Reed*, 40 NY2d 204, 208 [1976]). We see no basis to disturb the jury's determination that defendant knowingly engaged in conduct that was likely to be harmful to the physical, mental or moral welfare of the 15- and 16-year-old complainants, including his discussion of both the pornography industry and his genitals with the complainants (*see* Penal Law § 260.10 [1]). Finally, we conclude that the issue whether the complainants were actually harmed by defendant's conduct is irrelevant with respect to the counts of endangering the welfare of a child (*see People v Simmons*, 92 NY2d 829, 830 [1998]). Present—Hurlbutt, J.P., Centra, Fahey, Carni and Pine, JJ.