█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN SIMON, Also Known as "LUCK," Appellant. [897 NYS2d 578]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered June 11, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [3]) and attempted robbery in the first degree (§§ 110.00, 160.15 [2]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct based on the prosecutor's opening statement (see People v MacLean, 48 AD3d 1215, 1216 [2008], lv denied 10 NY3d 866 [2008], denied reconsideration 11 NY3d 790 [2008]), and the prosecutor's allegedly improper cross-examination of his alibi witness (see CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the attempted robbery conviction is not supported by legally sufficient evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Pearson, 26 AD3d 783, 783 [2006], lv denied 6 NY3d 851 [2006]). In any event, we reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).

We further conclude that County Court did not abuse its discretion in denying defendant's request for a missing witness charge with respect to two individuals. The People established that one of the two individuals was unavailable because she had invoked the Fifth Amendment (see People v Savinon, 100 NY2d 192, 198 [2003]). We conclude with respect to the second individual, defendant's codefendant, that defendant failed to meet his initial burden of showing that he would be expected to provide testimony favorable to the prosecution (see People v Macana, 84 NY2d 173, 177 [1994]; People v Wynn, 277 AD2d 946 [2000], lv denied 96 NY2d 765 [2001]). Indeed, we note that he likely would have invoked the Fifth Amendment as well, in light of the fact that he moved to withdraw his plea of guilty prior to defendant's trial (see Macana, 84 NY2d at 177-178). We likewise conclude that the court properly exercised its discretion in admitting in evidence an autopsy photograph and two photographs of the crime scene (see generally People v Pobliner, 32 NY2d 356, 370 [1973], rearg denied 33 NY2d 657 [1973], cert denied 416 US 905 [1974]). The autopsy photograph was rele-

vant to illustrate and corroborate the testimony of the Medical Examiner with respect to the cause of death (*see generally People v Williams*, 28 AD3d 1059, 1060 [2006], *affd.* 8 NY3d 854 [2007]; *People v Saulters*, 12 AD3d 1178, 1179 [2004], *lv denied* 4 NY3d 803 [2005]), and the photographs of the crime scene were relevant to depict the condition of the victim and the delicatessen after the shooting, about which various witnesses had testified (*see People v Ojo*, 43 AD3d 1367, 1368 [2007], *lv denied* 10 NY3d 769 [2008], *denied reconsideration* 11 NY3d 792 [2008]).

Contrary to the contention of defendant in his main and pro se supplemental briefs, defense counsel's representation at trial, viewed in its entirety, was meaningful (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). With respect to defendant's pro se CPL 330.30 motion, we agree with defendant that defense counsel improperly assumed a position that was directly adverse to two contentions raised by defendant in support of his motion (*see People v Kirkland*, 68 AD3d 1794 [2009]; *People v Betsch*, 286 AD2d 887 [2001]). We nonetheless conclude, however, that the record establishes that the court was not influenced by the statements of defense counsel in denying defendant's motion (*see People v Shegog*, 32 AD3d 1289, 1290-1291 [2006], *lv denied* 7 NY3d 929 [2006]; *People v Moye*, 13 AD3d 1123 [2004], *lv denied* 4 NY3d 833 [2005]). "Rather, the court denied the motion 'solely on the basis of its own recollection of the record' " (*People v Thaxton*, 309 AD2d 1255, 1256 [2003], *lv denied* 1 NY3d 581 [2003]).

With respect to the merits of defendant's CPL 330.30 (3) motion, we conclude that the court properly denied the motion. Defendant failed to meet his burden of establishing that the evidence submitted in support of the motion could not have been discovered before trial by the exercise of due diligence (*see* CPL 330.30 [3]; *People v Carrier*, 270 AD2d 800, 802 [2000], *lv denied* 95 NY2d 864 [2000]). In any event, defendant failed to establish that the evidence was "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; *see People v White*, 272 AD2d 872, 872-873 [2000], *lv denied* 95 NY2d 859 [2000]).

We have considered the remaining contentions of defendant in his main and pro se supplemental briefs and conclude that none requires reversal. Present—Scudder, P.J., Peradotto, Lindley and Gorski, JJ.