■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v DANNY HERNANDEZ, Appellant. [917 NYS2d 448]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered February 4, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (three counts) and robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of robbery in the first degree (§ 160.15 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of robbery in the first degree (*see People v Gray*, 86 NY2d 10, 19 [1995]). We reject defendant's further contention that the evidence is legally insufficient to support the conviction of three counts of murder in the second degree. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People' " (*People v Hines*, 97 NY2d 56, 62 [2001], *rearg denied* 97 NY2d 678 [2001]; *see People v Pichardo*, 34 AD3d 1223, 1224 [2006], *lv denied* 8 NY3d 926 [2007]) and, here, we conclude that the evidence at trial could lead a rational person to the conclusion reached by the jury (*see People v Daniels*, 75 AD3d 1169, 1170 [2010]; *Pichardo*, 34 AD3d at 1224; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Daniel-*

*son*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We further conclude that County Court did not abuse its discretion in admitting in evidence certain autopsy photographs and photographs of the crime scene (*see generally People v Pobliner*, 32 NY2d 356, 369-370 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]). The autopsy photographs were relevant to illustrate and corroborate the testimony of the pathologist with respect to the victim's injuries and the cause of death (*see id.* at 370; *see People v Simon*, 71 AD3d 1574, 1575-1576 [2010], *lv denied* 15 NY3d 757 [2010], *reconsideration denied* 856 [2010]; *People v Hayes*, 71 AD3d 1477 [2010], *lv denied* 15 NY3d 751 [2010]), and the photographs of the crime scene were relevant to demonstrate defendant's intent and to corroborate the statements that defendant made to a witness concerning the commission of the crime (*see Simon*, 71 AD3d at 1575-1576; *People v Camacho*, 70 AD3d 1393 [2010], *lv denied* 14 NY3d 886 [2010]; *People v McCullough*, 278 AD2d 915, 916 [2000], *lv denied* 96 NY2d 803 [2001]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.