Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 10, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.
It is hereby ordered that the judgment so appealed from is affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that the conviction is not supported by legally sufficient evidence. We reject that contention. “It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences *1258 could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People” (People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001] [internal quotation marks omitted]). Here, several witnesses testified at trial that defendant was with the victim in her vehicle before she was killed. The People also presented evidence that the victim was raped in her vehicle, and defendant’s DNA could not be excluded from various pieces of evidence recovered therefrom. In addition, the People presented testimony establishing that defendant was seen with the victim’s vehicle on the night she was killed, and a witness testified that, the next morning, defendant took him to the place where the victim’s vehicle was parked after the victim’s death. We thus conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (see People v Hernandez, 79 AD3d 1683, 1683 [2010], lv denied 16 NY3d 895 [2011]).
Viewing the evidence in light of the elements of murder in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant’s further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although an acquittal would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally id.).
Defendant failed to preserve for our review his contention that he was denied a fair trial based on prosecutorial misconduct on summation (see CPL 470.05 [2]; People v Stanley, 108 AD3d 1129, 1131 [2013]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice {see CPL 470.15 [6] [a]). Finally, contrary to defendant’s contention, we conclude that the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that he received meaningful representation (see People v Bergman, 70 AD3d 1494, 1495 [2010], lv denied 14 NY3d 885 [2010]; see generally People v Soldi, 54 NY2d 137, 147 [1981]).
All concur except Fahey and Carni, JJ., who dissent and vote to reverse in accordance with the following memorandum.