# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**872**

**KA 12-00925**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

DERRICK ANDERSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered May 1, 2012. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the third degree (Penal Law § 155.35 [1]). We reject defendant's contention that he was denied effective assistance of counsel. Defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's failure to request an accomplice charge with respect to two of the People's witnesses (*People v Rivera*, 71 NY2d 705, 709; *see People v Walker*, 50 AD3d 1452, 1454, *lv denied* 11 NY3d 795; *see also People v Smith-Merced*, 50 AD3d 259, 259, *lv denied* 10 NY3d 939).

Defendant failed to preserve for our review his contention that the testimony of the accomplices was not sufficiently corroborated and thus that the conviction is not supported by legally sufficient evidence (*see People v Matt*, 78 AD3d 1616, 1617, *lv denied* 15 NY3d 954). In any event, we conclude that defendant's statement to the police and the victim's trial testimony constitute "sufficient evidence connecting defendant to the crime[], thereby satisfying the corroboration requirement" (*id.; see* CPL 60.22 [1]; *People v Reome*, 15 NY3d 188, 191-192). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the jury did not fail to give the evidence the weight it should be accorded (*see People v Howard*, 101 AD3d 1749, 1750, *lv denied* 21 NY3d 944; *see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant also failed to preserve for our review his contention that Supreme Court's handling of a jury note denied him due process inasmuch as there was no objection or request with respect to the manner in which the court responded to the note (*see People v Kalb*, 91 AD3d 1359, 1359, *lv denied* 19 NY3d 963).  In any event, that contention lacks merit inasmuch as the court's response to the note constituted " 'a meaningful response to the jury's request for information' " (*People v Jones*, 52 AD3d 1252, 1252, *lv denied* 11 NY3d 738; *see generally* CPL 310.30; *People v Malloy*, 55 NY2d 296, 302, *cert denied* 459 US 847).  Finally, the sentence is not unduly harsh or severe.