# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1050

KA 11-00299

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

WILLIAM J. MILLER, DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

WILLIAM J. MILLER, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered March 13, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts) and attempted robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of attempted robbery in the first degree (§§ 110.00, 160.15 [2]) in connection with the shooting death of his sister's boyfriend. Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction on the element of intent (*see People v Tolliver*, 93 AD3d 1150, 1151, *lv denied* 19 NY3d 968; *see generally People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence established that defendant sought the assistance of his girlfriend's brother to obtain a gun and/or locate a person who was willing to kill the victim; he stated several times during the day of the murder that he was going to "get" the victim; and he directed his sister to contact the victim to come to her house, where the victim was shot by a codefendant in defendant's presence (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's contention in his main brief that he was denied effective assistance of counsel based both on defense counsel's failure to exercise a for-cause or peremptory challenge with respect to a prospective juror (*see People v Simmons*, 119 AD3d 1343, 1344; *see generally People v Barboni*, 21 NY2d 393, 407), and on defense counsel's failure to call defendant's sister as a witness after he was advised that she would exercise her Fifth Amendment right to remain silent (*see generally People v Thomas*, 51 NY2d 466, 472-473). We likewise reject defendant's contention in his pro se supplemental brief that he was denied effective assistance of counsel based on defense counsel's failure to request a charge on intoxication, in view of the testimony of a prosecution witness that defendant was intoxicated. Even assuming, arguendo, that the charge was warranted (*see People v Sirico*, 17 NY3d 744, 745), we conclude that defendant failed to show the absence of a strategic explanation for the failure of defense counsel to request the charge (*see People v Anderson*, 120 AD3d 1549, 1549; *see generally People v Caban*, 5 NY3d 143, 152). Indeed, the record establishes that defense counsel's strategy was to attack the credibility of the prosecution witness rather than to advance a theory that defendant's intoxication negated an element of the respective crimes (*see* Penal Law § 15.25). Defendant's remaining allegations of ineffective assistance of counsel contained in his main and pro se supplemental briefs also are without merit, and we conclude that defendant received meaningful assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

We reject defendant's contention in his main brief that Supreme Court erred in denying his pro se motion seeking new counsel to represent him on his pro se CPL 330.30 motion to set aside the verdict on the grounds of juror misconduct and ineffective assistance of counsel, and for sentencing. Defense counsel did not take a position adverse to defendant and, indeed, supported the allegations of juror misconduct contained in the pro se motion (*see People v Jones*, 261 AD2d 920, 920, *lv denied* 93 NY2d 972; *cf. People v Simon*, 71 AD3d 1574, 1576, *lv denied* 15 NY3d 757, *reconsideration denied* 15 NY3d 856). In any event, we note that the court decided defendant's motion without consideration of defense counsel's comments (*see Simon*, 71 AD3d at 1576). Finally, the sentence is not unduly harsh or severe.

Entered: November 21, 2014                    Frances E. Cafarell
                                              Clerk of the Court