# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1268**

**KA 12-00762**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROY BRIGGS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 17, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that Supreme Court erred in refusing to suppress a statement he made to the police because he invoked his right to counsel before the statement was made and because the statement was obtained through threats and coercion. We reject that contention. The police officer who questioned defendant testified that defendant waived his *Miranda* rights and agreed to speak with him; he did not recall defendant requesting an attorney; and he did not threaten or coerce defendant. The court did not credit defendant's testimony to the contrary at the suppression hearing. We accord great weight to the determination of the suppression court " 'because of its ability to observe and assess the credibility of the witnesses,' " and we perceive no basis to disturb its determination (*People v McConnell*, 233 AD2d 867, 867, *lv denied* 89 NY2d 987; *see People v Mateo*, 2 NY3d 383, 414, *cert denied* 542 US 946; *People v Coleman*, 306 AD2d 941, 941, *lv denied* 1 NY3d 596).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We likewise reject defendant's further contention that he was denied effective assistance of counsel. Defendant failed to demonstrate the

absence of a strategic or other legitimate explanation for defense counsel's failure to object to certain evidence (*see People v Dombrowski*, 94 AD3d 1416, 1417, *lv denied* 19 NY3d 959; *see generally People v Benevento*, 91 NY2d 708, 712-713), and defense counsel's failure to move for a mistrial does not constitute ineffective assistance because the motion would have had little to no chance of success (*see People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).  Finally, the sentence is not unduly harsh or severe.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court