# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**323**

**KA 13-01948**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JOHN R. CHRISLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN R. CHRISLEY, DEFENDANT-APPELLANT PRO SE.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered September 3, 2013. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]), defendant contends in his main brief that County Court abused its discretion in allowing the People to present evidence that, on a date prior to the incidents charged in the indictment, he had a wet spot on the crotch area of his pants after the then four-year-old victim had been sitting on his lap. We reject that contention. "Evidence of uncharged crimes may be admissible if it is relevant to establish some element of the crime under consideration or if it falls within one of the recognized exceptions to the general rule precluding such evidence, i.e., it is relevant to demonstrate motive, intent, absence of mistake or accident, a common scheme or plan, or the identity of defendant" (*People v Ray*, 63 AD3d 1705, 1706, *lv denied* 13 NY3d 838; *see People v Ventimiglia*, 52 NY2d 350, 359; *People v Molineux*, 168 NY 264, 293-294), provided that "its probative value exceeds the potential for prejudice resulting to the defendant" (*People v Alvino*, 71 NY2d 233, 242). Here, the *Molineux* evidence admitted by the court was relevant to the issue of intent, i.e., whether defendant's subsequent touching of the victim's intimate parts was for the purpose of gratifying his sexual desire. Moreover, given that defendant suggested to the police that his touching of the victim was inadvertent, the evidence was relevant to establish the

absence of mistake.  We further conclude that "the probative value of the evidence was not outweighed by its prejudicial effect, and the court's limiting instruction minimized any prejudice to defendant" (*People v Washington*, 122 AD3d 1406, 1408).

Defendant failed to preserve for our review his further contention in his main and pro se supplemental briefs that he was deprived of a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912).  In any event, most of the comments complained of by defendant were proper, and any improper comments were not so pervasive or egregious as to deprive defendant of a fair trial (*see People v Heck*, 103 AD3d 1140, 1143, *lv denied* 21 NY3d 1074).

Defendant failed to preserve for our review his further contention in his main brief that the evidence is legally insufficient to support the sexual abuse charges because the People failed to establish that he acted for the purpose of gratifying his sexual desires (*see People v Gray*, 86 NY2d 10, 19; *People v Washington*, 89 AD3d 1516, 1517, *lv denied* 18 NY3d 963).  In any event, defendant's contention lacks merit inasmuch as the element of sexual gratification may be inferred from defendant's conduct (*see People v Willis*, 79 AD3d 1739, 1740, *lv denied* 16 NY3d 864; *People v Graves*, 8 AD3d 1045, 1045, *lv denied* 3 NY3d 674).  Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  The People's case rested largely on the credibility of the victim and, notwithstanding minor inconsistencies in the victim's testimony, there is no basis in the record for us to disturb the jury's determination to credit the victim's testimony (*see generally People v Childres*, 60 AD3d 1278, 1279, *lv denied* 12 NY3d 913).  "Sitting as the thirteenth juror . . . [and] weigh[ing] the evidence in light of the elements of the crime[s] as charged to the other jurors" (*Danielson*, 9 NY3d at 349), we conclude that, although a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495; *People v Kalen*, 68 AD3d 1666, 1666-1667, *lv denied* 14 NY3d 842).

Finally, we reject defendant's contention in his main brief that the sentence is unduly harsh and severe.

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court