# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**436**

**KA 13-02247**

PRESENT: SCUDDER, P.J., PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STACEY CASTOR, DEFENDANT-APPELLANT.

---

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Joseph E. Fahey, J.), dated December 5, 2013. The order denied the motion of defendant pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying her motion pursuant to CPL 440.10 seeking to vacate the judgment convicting her of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), in connection with the murder of her husband (decedent) by antifreeze poisoning, and attempted murder in the second degree (§§ 110.00, 125.25 [1]), in connection with the attempted murder of her daughter by poisoning by prescription medication and alcohol. Defendant moved to vacate the judgment pursuant to CPL 440.10 (1) on the ground that her indelible right to counsel attached when the attorney she hired to probate decedent's purported will communicated with police with respect to the request that defendant and her daughters provide their fingerprints as part of the investigation of decedent's death, which was believed to be a suicide. Defendant alleged that the attorney therefore "entered" the investigation of decedent's death and thus that her indelible right to counsel attached (*see People v Grice*, 100 NY2d 318, 320-321). Defendant therefore alleged that a statement she made to police two years later was taken in violation of her right to counsel and should have been suppressed, and that the admission of the statement at trial was not harmless error.

On a prior appeal, we concluded that County Court erred in summarily denying the motion, and we reversed the order and remitted the matter for a hearing on the issue whether the attorney represented defendant in connection with a criminal investigation, or solely with

respect to the civil matter regarding decedent's estate (*People v Castor*, 99 AD3d 1177, 1183, *lv denied* 20 NY3d 1010). We conclude that the court properly determined, following the hearing on remittal, that defendant failed to meet her burden of establishing that her indelible right to counsel attached when counsel for decedent's estate spoke to the police (*see generally People v Augustine*, 89 AD3d 1238, 1239-1240, *affd* 21 NY3d 949).

The evidence established that defendant was the personal representative of the estate (*see Castor v Pulaski*, 117 AD3d 1552, 1553-1554), and that the attorney's representation of her was only with respect to her role as personal representative of the estate. The attorney testified that at no time did he know that defendant was a suspect in decedent's death, which he believed to have been a suicide; that he identified himself as the attorney for decedent's estate in his communications with the police; and that he would not have given defendant advice related to a criminal investigation because to do so would be a conflict of interest with his role as the attorney for the estate. It is well established that, although "an attorney-client relationship formed in one criminal matter may sometimes bar questioning in another matter in the absence of counsel . . . , a relationship formed in a civil matter is not entitled to the same deference" (*People v Lewie*, 17 NY3d 348, 361; *see People v Foster*, 72 AD3d 1652, 1653-1654, *lv dismissed* 15 NY3d 750).

Entered:  May 1, 2015                                    Frances E. Cafarell
                                                         Clerk of the Court