SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**718**
**KA 15-02030**
PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

BRENT M. STEINIGER, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Alex R. Renzi, J.), rendered September 26, 2014. The judgment convicted defendant, upon a nonjury verdict, of sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his challenge to the sufficiency of County Court's inquiry concerning his waiver of the right to a jury trial (*see People v Hailey*, 128 AD3d 1415, 1415-1416, *lv denied* 26 NY3d 929). In any event, defendant's challenge is without merit inasmuch as he " 'waived his right to a jury trial in open court and in writing in accordance with the requirements of NY Constitution, art I, § 2 and CPL 320.10 (2) . . . , and the record establishes that [his] waiver was knowing, voluntary, and intelligent' " (*id.* at 1416).

Contrary to defendant's contention, the court properly refused to suppress statements that he made to the police. Even assuming, arguendo, that defendant was in custody at the time he was questioned by the police, we note that a police officer testified that he read defendant his full *Miranda* rights from a *Miranda* card that was introduced into evidence, and began discussing the subject incident with defendant only after defendant indicated that he understood his rights, but wanted to talk (*see People v Lewis*, 277 AD2d 1010, 1011, *lv denied* 96 NY2d 736). Although defendant testified that the police officer did not read him his full *Miranda* rights, the court was entitled to credit the police officer's testimony over that of

defendant.  " '[W]here there are conflicting inferences to be drawn from the proof, the choice of inferences is for the trier of the facts[, a]nd that choice is to be honored unless unsupported, as a matter of law' " (*People v Semrau*, 77 AD3d 1436, 1437, *lv denied* 16 NY3d 746).  Contrary to defendant's related contention, defendant failed to meet his burden of establishing that his right to counsel attached prior to questioning (*see People v Castor*, 128 AD3d 1357, 1358, *lv denied* 26 NY3d 927).  Defense counsel's testimony about the timing of his telephone call to the police was equivocal, and the court was entitled to credit the police officer's testimony that questioning ceased as soon as defense counsel "called the police directly" (*see People v McCray*, 121 AD3d 1549, 1550, *lv denied* 25 NY3d 1204).

Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to the sexual gratification element of sexual abuse inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, defendant's challenge lacks merit because "the element of sexual gratification may be inferred from the sexual nature of defendant's actions" (*People v Schroo*, 87 AD3d 1287, 1289, *lv denied* 19 NY3d 977; *see People v Chrisley*, 126 AD3d 1495, 1496, *lv denied* 26 NY3d 1007).  Furthermore, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct and, in any event, that contention lacks merit.  "In view of the intimate and embarrassing nature of the crimes, we conclude that the court did not abuse its discretion in allowing the prosecutor to ask the child victim leading questions in this sexual abuse case" (*People v Martina*, 48 AD3d 1271, 1272, *lv denied* 10 NY3d 961 [internal quotation marks omitted]).  We further conclude that the prosecutor's comments on summation "were within the broad bounds of rhetorical comment permissible in closing arguments" (*People v McClean*, 137 AD3d 940, 941, *lv denied* 27 NY3d 1135).

We reject defendant's further contention that he was denied effective assistance of counsel.  "Inasmuch as the court did not abuse its discretion in permitting the victim to testify, defense counsel's failure to object to the admission of that testimony cannot be considered ineffective assistance of counsel" (*People v Alexander*, 109 AD3d 1083, 1085).  Furthermore, defendant was not denied effective assistance of counsel based on his attorney's failure to object to the prosecutor's use of leading questions on direct examination of the victim.  The prosecutor's questioning was proper, in light of the age of the victim and "particularly in view of the intimate and embarrassing nature of the crime[s]" (*People v Cordero*, 110 AD3d 1468, 1470, *lv denied* 22 NY3d 1137 [internal quotation marks omitted]), and defense counsel was not ineffective for failing to make an objection

that had little or no chance of success (*see People v Caban*, 5 NY3d 143, 152; *People v Horton*, 79 AD3d 1614, 1616, *lv denied* 16 NY3d 859). Lastly, inasmuch as we have concluded that the evidence is legally sufficient to support the conviction, defense counsel's failure to renew his motion for a trial order of dismissal does not amount to ineffective assistance (*see People v Washington*, 60 AD3d 1454, 1455, *lv denied* 12 NY3d 922; *see generally People v Baldi*, 54 NY2d 137, 147).

Defendant's contention relating to the court's reliance at sentencing on information not contained in the record is unpreserved for our review (*see People v Cooper*, 136 AD3d 1397, 1398, *lv denied* 27 NY3d 1067), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we reject defendant's challenge to the severity of the sentence.

Entered:  September 30, 2016                          Frances E. Cafarell
                                                      Clerk of the Court