# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**827**

**KA 14-01245**

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

TERREL A. GOODSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered May 15, 2014. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child and sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, predatory sexual assault against a child (Penal Law § 130.96). Defendant's girlfriend lived in an apartment across the hall from the apartment of the 10-year-old victim's mother. On the night of September 2, 2013, the 10-year-old victim slept at the apartment of defendant's girlfriend. At some point in the evening, defendant's girlfriend left, leaving only defendant, the victim, and the victim's younger sister in the apartment. Later in the night, after the victim and her sister fell asleep, defendant allegedly sexually assaulted the victim. The victim's sister remained asleep during the assault.

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "The People's case rested largely on the credibility of the victim and, notwithstanding minor inconsistencies in the victim's testimony, there is no basis in the record for us to disturb the jury's determination to credit the victim's testimony" (*People v Chrisley*, 126 AD3d 1495, 1496, *lv denied* 26 NY3d 1007; *see People v Izzo*, 104 AD3d 964, 966-967, *lv denied* 21 NY3d 1005; *see generally People v Childres*, 60 AD3d 1278, 1279, *lv denied* 12 NY3d 913). Moreover, defendant's arguments regarding the credibility of the victim's mother and the lack of

forensic evidence corroborating the victim's testimony are unavailing inasmuch as "the testimony of [the victim] can be enough to support a conviction" (*People v Calabria*, 3 NY3d 80, 82). "Sitting as the thirteenth juror . . . [and] weigh[ing] the evidence in light of the elements of the crime[s] as charged to the other jurors" (*Danielson*, 9 NY3d at 349), we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495; *People v Kalen*, 68 AD3d 1666, 1667, *lv denied* 14 NY3d 842).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct during summation inasmuch as he "either failed to object to the alleged misconduct, or failed to request curative instructions or move for a mistrial when [County Court] sustained his objection[]" (*People v Tolbert*, 283 AD2d 930, 931, *lv denied* 96 NY2d 908; *see People v Galloway*, 54 NY2d 396, 400; *People v Lewis*, 140 AD3d 1593, 1595). "In any event, '[t]he majority of the comments in question were within the broad bounds of rhetorical comment permissible during summations . . . , and they were either a fair response to defense counsel's summation or fair comment on the evidence . . . Even assuming, arguendo, that some of the prosecutor's comments were beyond those bounds, we conclude that they were not so egregious as to deprive defendant of a fair trial' " (*People v Stanley*, 108 AD3d 1129, 1131, *lv denied* 22 NY3d 959; *see People v McEathron*, 86 AD3d 915, 916, *lv denied* 19 NY3d 975).

Contrary to the People's assertion, defendant preserved his contention that the court erred in limiting his cross-examination of the victim regarding a prior, unrelated instance of sexual contact with a different individual (*cf. generally People v Goossens*, 92 AD3d 1281, 1281, *lv denied* 19 NY3d 960), but we conclude that defendant's contention lacks merit. "[T]he questions at issue were 'speculative, and lacked a good faith basis, and the probative value of the matters sought to be elicited was outweighed by the danger that the main issues would be obscured and the jury confused' " (*People v Baker*, 294 AD2d 888, 889, *lv denied* 98 NY2d 708; *see People v Quinones*, 210 AD2d 176, 177).

Defendant failed to preserve for our review his further contention that the court erred in limiting his cross-examination of the victim regarding the omission of certain facts from her direct examination and grand jury testimony and, in any event, that contention is without merit (*see generally People v Bornholdt*, 33 NY2d 75, 88; *People v Lester*, 83 AD3d 1578, 1578-1579, *lv denied* 17 NY3d 818). Defendant likewise failed to preserve for our review his contention that the court violated his constitutional rights by limiting his cross-examination of the victim, inasmuch as he failed to object on those grounds at trial (*see People v Bryant*, 93 AD3d 1344, 1344-1345), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we reject defendant's contention that he was deprived of effective assistance of counsel.  The record establishes that defense counsel made an omnibus motion, made an opening statement with the cogent theory that the victim was incredible, pursued that theory on cross-examination, delivered a summation consistent with that theory, and obtained an acquittal on the top count of the indictment.  Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court