# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1025**
**KA 14-01504**
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

RAYSHAWN BETHANY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

RAYSHAWN BETHANY, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (KATHARINE S. LAVIN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 28, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law §§ 20.00, 125.25 [1]). Contrary to the contention of defendant in his main and pro se supplemental briefs, we conclude that County Court did not err in refusing to suppress the inculpatory statements he made to a detective who was investigating the case. With respect to the first statement, even assuming, arguendo, that defendant was in custody at the time he was questioned by the detective, we note that the detective testified that he read defendant his *Miranda* rights from a card that was introduced into evidence, and began discussing the homicide only after defendant indicated that he understood his rights, but nonetheless wished to speak with the detective (*see People v Steiniger*, 142 AD3d 1320, 1320). "Although defendant testified that the [detective] did not read him his . . . *Miranda* rights, the court was entitled to credit the [detective's] testimony over that of defendant" (*id.* at 1320-1321; *see People v Orso*, 270 AD2d 947, 947-948, *lv denied* 95 NY2d 856; *see generally People v Prochilo*, 41 NY2d 759, 761).

Furthermore, the court credited the detective's testimony that he did not employ any coercion or threats of arrest or prosecution to induce defendant to make the first statement (*see People v Briggs*, 124 AD3d 1320, 1321, *lv denied* 25 NY3d 1198). Contrary to the contention

in defendant's pro se supplemental brief, although the detective told defendant that the police were not "going to arrest him that day," such an assurance did not render the circumstances here inherently coercive or overbearing (*see People v Richardson*, 202 AD2d 958, 958-959, *lv denied* 83 NY2d 914).  In addition, despite the fact that the recording of the phone call between the detective and defendant's mother may have weighed against the detective's credibility with respect to the nature of any promises that he may have made to defendant, we conclude that his testimony was not " 'unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Bush*, 107 AD3d 1581, 1582, *lv denied* 22 NY3d 954).  Contrary to defendant's contention in his main and pro se supplemental briefs, "[t]he testimony of defendant [and his witnesses] at the suppression hearing that the [first] statement was coerced by [the detective] and thus was not voluntary presented a credibility issue that the suppression court was entitled to resolve against defendant" (*People v McIver*, 76 AD3d 782, 782-783, *lv denied* 15 NY3d 894; *see Briggs*, 124 AD3d at 1321).  The remaining grounds raised in defendant's pro se supplemental brief in support of his contention that the first statement was involuntarily made are without merit.  Inasmuch as the court properly determined that defendant's first statement was voluntarily made to the detective, his further contention that the second statement should have been suppressed on the ground that it was tainted by the illegality of the first statement is necessarily without merit (*see People v Walker*, 267 AD2d 778, 780, *lv denied* 94 NY2d 926).

We reject the further contention of defendant in his main and pro se supplemental briefs that the evidence is legally insufficient to establish his accessorial liability for the murder, i.e., that he intentionally aided the shooters and "shared a 'community of purpose' " with them (*People v Allah*, 71 NY2d 830, 832; *see* Penal Law § 20.00; *People v Scott*, 25 NY3d 1107, 1109-1110).  Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences enabling the jury to determine beyond a reasonable doubt that defendant intentionally aided the shooters in committing the crime and shared their intent to cause the death of the victim (*see People v Rossey*, 89 NY2d 970, 972; *People v Pippins*, 107 AD2d 826, 826-827).  Contrary to defendant's further contention in his main and pro se supplemental briefs, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

To the extent that the contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel at trial is based on matters outside the record on appeal, it must be raised by way of a motion pursuant to CPL article 440 (*see People v Riley*, 117 AD3d 1495, 1496, *lv denied* 24 NY3d 1088).  We conclude on the record before us that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147).

We reject the contention in defendant's main brief that the court erred in denying his request at sentencing for an adjournment and new counsel in order to file a written motion to set aside the verdict pursuant to CPL 330.30.  Even assuming, arguendo, that defendant's complaints about defense counsel suggested a serious possibility of good cause for a substitution of counsel requiring a need for further inquiry, we conclude that the court afforded defendant the opportunity to express his objections concerning defense counsel, and the court thereafter reasonably concluded that defendant's objections were without merit (*see People v Singletary*, 63 AD3d 1654, 1654, *lv denied* 13 NY3d 839).  Contrary to defendant's further contention, upon our review of the record, we conclude that defense counsel did not take a position adverse to defendant at sentencing, and thus defendant was not entitled to new counsel on that basis (*see People v Jones*, 261 AD2d 920, 920, *lv denied* 93 NY2d 972; *see also People v Miller*, 122 AD3d 1369, 1370, *lv denied* 25 NY3d 952; *People v Collins*, 85 AD3d 1678, 1679, *lv denied* 18 NY3d 993).  Furthermore, to the extent that defendant contends that he was denied effective assistance of counsel at sentencing, we conclude that his contention lacks merit (*see Collins*, 85 AD3d at 1679; *Jones*, 261 AD2d 920; *see generally Baldi*, 54 NY2d at 147).  We reject defendant's contention in his main brief that the sentence is unduly harsh and severe.

Finally, we have reviewed defendant's remaining contentions raised in his pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court