People v Whittemore (2020 NY Slip Op 04268)





People v Whittemore


2020 NY Slip Op 04268


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


666 KA 14-02210

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLAYTON S. WHITTEMORE, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered August 5, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law
§ 125.25 [1]). Contrary to defendant's contention, the jury's rejection of the affirmative defense of extreme emotional disturbance (EED) was not against the weight of the evidence (see People v Steen, 107 AD3d 1608, 1608 [4th Dept 2013], lv denied 22 NY3d 959 [2013]). Contrary to defendant's further contention, the purportedly flawed understanding of EED exhibited by the People's psychiatric expert went "to the weight to be given the evidence rather than its admissibility" (People v Taylor, 75 NY2d 277, 291 [1990]). Thus, Supreme Court properly refused to strike the testimony of the People's expert based on his purportedly flawed understanding of EED (see People v Pascuzzi, 173 AD3d 1367, 1375 [3d Dept 2019], lv denied 34 NY3d 953 [2019]; People v Boice, 89 AD2d 33, 35 [3d Dept 1982]). Moreover, given the court's instructions to the jury on EED—the accuracy of which are not challenged on appeal—the court was not obligated to "tell the jury that [the People's expert] had incorrectly stated the criteria for [EED]" (see People v Samuels, 99 NY2d 20, 25-26 [2002]; People v Radcliffe, 232 NY 249, 254-255 [1921]). Finally, defendant did not preserve his contention that the People violated his due process rights by failing to correct their expert's ostensibly inaccurate testimony about EED (see People v Rivera, 70 AD3d 1484, 1484 [4th Dept 2010], lv denied 15 NY3d 756 [2010]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court