People v Nary (2022 NY Slip Op 05633)

People v Nary

2022 NY Slip Op 05633

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

697 KA 18-00449

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONNA J. NARY, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered November 16, 2016. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Contrary to defendant's contention, we conclude that the jury's rejection of the affirmative defense of extreme emotional disturbance is not against the weight of the evidence (see People v Whittemore, 185 AD3d 1528, 1529 [4th Dept 2020], lv denied 36 NY3d 977 [2020]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Among other things, the jury "was entitled to consider the conduct of defendant before and after the homicide[] and to reject [her] explanation for [her] conduct" (People v Steen, 107 AD3d 1608, 1608 [4th Dept 2013], lv denied 22 NY3d 959 [2013] [internal quotation marks omitted]; see generally People v Drake, 216 AD2d 873, 873 [4th Dept 1995], lv denied 87 NY2d 900 [1995]).
Contrary to defendant's further contention, she was not denied effective assistance of counsel based on defense counsel's opening statement, his cross-examination of certain law enforcement witnesses regarding the defense of intoxication, his cross-examination of the victim's sister, and his determination to elicit from defendant testimony regarding post-arrest incidents while in jail. Those contentions amount to mere second-guessing of defense counsel's trial strategy and do not establish ineffectiveness (see People v Moore, 185 AD3d 1544, 1545 [4th Dept 2020], lv denied 35 NY3d 1096 [2020]; People v Adams, 59 AD3d 928, 929 [4th Dept 2009], lv denied 12 NY3d 813 [2009]). We likewise reject defendant's contention that defense counsel was ineffective in failing to move for a mistrial without prejudice based on testimony given by the victim's sister. Defense counsel objected to that testimony, Supreme Court struck it, and defense counsel made an unsuccessful motion for a mistrial with prejudice. Defense counsel was not ineffective for failing to move instead for a mistrial without prejudice inasmuch as that motion also would have had "little to no chance of success" (People v Briggs, 124 AD3d 1320, 1321 [4th Dept 2015], lv denied 25 NY3d 1198 [2015]). Defendant's contention that defense counsel was ineffective in failing to seek pretrial suppression of certain evidence as the product of a warrantless search relies on matters that have not been included in the record on appeal and thus cannot be reviewed on direct appeal (see People v Marcial, 41 AD3d 1308, 1308-1309 [4th Dept 2007], lv denied 9 NY3d 878 [2007]; see generally People v Lopez-Mendoza, 33 NY3d 565, 573 [2019]).
Finally, the sentence is not unduly harsh or severe.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court