People v Milonovich (2023 NY Slip Op 01904)

People v Milonovich

2023 NY Slip Op 01904

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-01441
 (Ind. No. 6249/17)

[*1]The People of the State of New York, respondent,
v
Valeriy Milonovich, appellant.

Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered December 12, 2018, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged by indictment with murder in the second degree (Penal Law § 125.25[1]). The Supreme Court submitted a charge of manslaughter in the first degree as a lesser-included offense to the jury (id. § 125.20[1]), but declined the defendant's request to charge manslaughter in the second degree under Penal Law § 125.15(1). The jury convicted the defendant of manslaughter in the first degree, and acquitted him of murder in the second degree.
Contrary to the defendant's contention, which is partially unpreserved for appellate review (see CPL 470.05[2]), the Supreme Court properly denied his request to charge manslaughter in the second degree under Penal Law § 125.15(1) as a lesser-included offense of murder in the second degree and manslaughter in the first degree. "A party who seeks to have a lesser included charge to the jury must satisfy a two-pronged inquiry" (People v Rivera, 23 NY3d 112, 120). First, "the crime must be a lesser included offense" (id. at 120). Second, the party making the request for a charge-down must "show that there is a reasonable view of the evidence in the particular case that would support a finding that [the defendant] committed the lesser included offense but not the greater" (id. [internal quotation marks omitted]). "Here, the first prong is satisfied because manslaughter in the second degree is a lesser-included offense of murder in the second degree" (People v Alvaradoajcuc, 142 AD3d 1094, 1094, citing People v Green, 56 NY2d 427, 433). The second prong, however, is not satisfied. Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence which would support a finding that the defendant's conduct was merely reckless (see People v Rivera, 23 NY3d at 120; People v Butler, 84 NY2d 627, 632).
Also contrary to the defendant's contention, he was not denied the effective assistance of counsel due to his attorney's failure to request a justification charge under Penal Law § 35.15. "Viewed as a whole, the record of the trial proceedings demonstrates that the defendant was afforded [*2]meaningful representation" (People v Hardy, 166 AD3d 645, 646). "While, in rare cases, a single omission may constitute ineffective assistance of counsel, counsel's failure to request a justification charge was not such an error because a justification defense was not supported by a reasonable view of the evidence" (id.; see People v Moore, 66 AD3d 707, 711, affd 15 NY3d 811; People v Davis, 293 AD2d 486, 486).
The Supreme Court providently exercised its discretion in denying the defendant's application for substitution of counsel. A trial court's duty to consider substitution arises "only where a defendant makes a seemingly serious request" (People v Porto, 16 NY3d 93, 100 [alterations and internal quotation marks omitted]). "If such a showing is made, the court must make at least a minimal inquiry, and discern meritorious complaints from disingenuous applications by inquiring as to the nature of the disagreement or its potential for resolution" (id. at 100 [internal quotation marks omitted]; see People v Ward, 121 AD3d 1026, 1027). After conducting such an inquiry, the court should grant a defendant's motion for substitution only upon a showing of "good cause," which is to be determined based upon a consideration of such factors as "'the timing of the defendant's request, its effect on the progress of the case and whether counsel will likely provide the defendant with meaningful assistance'" (People v Porto, 16 NY3d at 100, quoting People v Linares, 2 NY3d 507, 510). Here, "[e]ven assuming, arguendo, that defendant's complaints about defense counsel suggested a serious possibility of good cause for a substitution of counsel requiring a need for further inquiry . . . the court afforded defendant the opportunity to express his objections concerning defense counsel" and reasonably concluded that his objections were without merit (People v Bethany, 144 AD3d 1666, 1669; see People v Scott, 189 AD3d 2110, 2110; People v Toledo, 144 AD3d 1332, 1334).
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court