■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TINKER CUTTLER, Appellant. [705 NYS2d 416] —Mugglin, J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered December 14, 1998, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

Defendant's sole ground for reversal is that County Court impermissibly permitted the prosecution to use leading questions in eliciting answers from the child victim to establish its entire case.

We affirm. Initially, we recognize that leading questions are not ordinarily permissible on direct examination (*see*, Prince, Richardson on Evidence § 6-223 [Farrell 11th ed]). However, whether to permit the use of leading questions on direct examination is a matter within the sound discretion of the trial court and will not be disturbed absent a clear demonstration of an abuse of discretion (*see*, Prince, Richardson on Evidence § 6-232 [Farrell 11th ed]). Assuming, without deciding, that the questions objected to were, in fact, leading, we find no abuse of discretion. Leading questions may be permitted of a child victim in a sexual abuse case so the child's testimony can be clarified or expedited if the child is apparently unwilling to testify freely (*see, People v Wasley*, 249 AD2d 625, 626, *lv denied* 91 NY2d 1014; *People v Tyrrell*, 101 AD2d 946), and because of the "intimate and embarrassing nature of the crimes" (*People v Greenhagen*, 78 AD2d 964, 966, *lv denied* 52 NY2d 833).

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.