■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY F. RONCHI, Appellant. [782 NYS2d 233]—

Appeal from a judgment of the Steuben County Court (Marianne Furfure, J.), rendered February 4, 2002. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of four counts of sexual abuse in the first degree (Penal Law § 130.65 [1], [3]). The conviction of defendant under count five of the indictment is supported by legally sufficient evidence of forcible compulsion (*see Matter of Jonathan B.,* 1 AD3d 1039 [2003]; *Matter of Rayshon Y.,* 196 AD2d 771 [1993]). Moreover, the verdict with respect to all four counts is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]; *see also People v Rayam,* 94 NY2d 557, 560-563 [2000]). Reversal is not required as a result of the prosecutor's posing of leading questions to the child complainant (*see People v Cuttler,* 270 AD2d 654, 655 [2000], *lv denied* 95 NY2d 795 [2000]). There was no denial of defendant's right to be present at a material stage of trial (*see People v Maher,* 89 NY2d 318, 325 [1996]; *People v Vargas,* 88 NY2d 363, 378 [1996]; *People v Roman,* 88 NY2d 18, 28 [1996], *rearg denied* 88 NY2d 920 [1996]). We reject the contention of defendant that various counts of the indictment lacked sufficient specificity to enable him to prepare a defense (*see People v Furlong,* 4 AD3d 839, 840-841 [2004], *lv denied* 2 NY3d 739 [2004]; *see generally People v Watt,* 84 NY2d 948, 950-951 [1994]; *People v Keindl,* 68 NY2d 410, 416-418 [1986], *rearg denied* 69 NY2d 823 [1987]; *People v Morris,* 61 NY2d 290, 294-296 [1984]). Defendant was not deprived of effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 711 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]). The contention that counts three and four of

the indictment are multiplicitous is unpreserved for our review and in any event is without merit (*see People v Brandel,* 306 AD2d 860 [2003]; *see generally People v Kindlon,* 217 AD2d 793, 795 [1995], *lv denied* 86 NY2d 844 [1995]). County Court did not err in sentencing defendant to consecutive terms of incarceration, nor is the sentence unduly harsh or severe.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pine, J.P., Scudder, Kehoe, Martoche and Lawton, JJ.