■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MARTINA, Appellant. [852 NYS2d 527]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered October 21, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (three counts), criminal sexual act in the first degree, course of sexual conduct against a child in the first degree, endangering the welfare of a child and falsely reporting an incident in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, three counts of rape in the first degree (Penal Law § 130.35 [4]), defendant contends that the evidence is legally insufficient to support the conviction because the 11-year-old victim was allowed to testify despite her failure to understand the nature of the oath, and the prosecutor asked the victim leading questions on direct examination. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). An 11-year-old witness is presumed competent to testify (*see* CPL 60.20 [2]; *People v Peppard*, 27 AD3d 1143 [2006], *lv denied* 7 NY3d 793 [2006]) and, when Supreme Court nevertheless conducted voir dire, the victim "demonstrated that [she] had the requisite intelligence and mental capacity and knew, understood and appreciated the nature of the oath" (*People v Howard*, 195 AD2d 1082, 1082 [1993], *lv denied* 82 NY2d 755 [1993]). In addition, the decision "whether to permit the use of leading questions on direct examination is a matter within the sound discretion of the trial court and will not be disturbed absent a clear demonstration of an abuse of discretion" (*People v Cuttler*, 270 AD2d 654, 655, *lv denied* 95 NY2d 795; *see* Prince, Richardson on Evidence § 6-232 [Farrell 11th ed]). In view of "the 'intimate and embarrassing nature of the crimes,' " we conclude that the court did not abuse its discretion in allowing the prosecutor to ask the child victim leading questions in this sexual abuse case (*Cuttler*, 270 AD2d at 655; *see People v Ronchi*, 11 AD3d 982 [2004], *lv denied* 4 NY3d 747 [2004]). We further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to the further contention of defendant, he was not deprived of his right to effective assistance of counsel. Insofar as defendant's contention is based upon defense counsel's allegedly insufficient investigation, it involves matters dehors the record and is therefore not reviewable on direct appeal (*see People v Shegog*, 32 AD3d 1289, 1290 [2006], *lv denied* 7 NY3d

929 [2006]). The remainder of defendant's contention involves "simple disagreement[s] with strategies, tactics or the scope of possible cross-examination, weighed long after the trial" (*People v Flores*, 84 NY2d 184, 187 [1994]), and we thus conclude on the record before us that defense counsel provided the requisite meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

We note our disapproval of the prosecutor's comments during summation that vouched for the credibility of the victim and denigrated the defense (*see People v Benedetto*, 294 AD2d 958, 959 [2002]). We conclude, however, that those comments and others challenged by defendant were "not so egregious as to deprive defendant of his right to a fair trial," when viewed in the totality of the circumstances of this case (*People v Ortiz-Castro*, 12 AD3d 1071 [2004], *lv denied* 4 NY3d 766 [2005]). Defendant failed to preserve for our review his contention that the court erred in determining, following an in camera review of the victim's psychological records, that he was not entitled to access to those records (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The contention of defendant that the court erred in refusing to suppress his post-*Miranda* statement to the police because it was involuntary is without merit. The record contains no evidence that, in making the statement, "defendant's will [was] overborne so that the statement was not the product of essentially free and unconstrained choice" (*People v Richardson*, 202 AD2d 958, 958 [1994], *lv denied* 83 NY2d 914 [1994]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.