■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRESTON BOYD, Appellant. [855 NYS2d 789]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered April 1, 2005. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, burglary in the third degree, rape in the first degree (three counts), criminal sexual act in the first degree (four counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of rape in the first degree (Penal Law § 130.35 [1], [4]). Contrary to defendant's contention, the People presented legally sufficient evidence of penetration with respect to the 12-year-old victim and thus the evidence is legally sufficient to support the conviction of rape under counts four and five of the indictment (*see People v Jacobs*, 37 AD3d 868, 869 [2007]). Also contrary to the contentions of defendant, the verdict is not against the weight of the evidence with respect to those two counts (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). By testifying on direct examination that he smoked marihuana, defendant opened the door to questioning on cross-examination concerning his use of marihuana (*see People v Fardan*, 82 NY2d 638, 646 [1993]). Defendant failed to preserve for our review his contention that County Court erred in permitting the prosecutor to use leading questions in examining the 12-year-old victim, who suffers from Down syndrome. In any event, that contention lacks merit. "Leading questions may be permitted of a child victim in a sexual abuse case so the child's testimony can be clarified or expedited if the child is apparently unwilling to testify freely" (*People v Cuttler*, 270 AD2d 654, 655 [2000], *lv denied* 95 NY2d 795 [2000]; *see also People v Ronchi*, 11 AD3d 982 [2004], *lv denied* 4 NY3d 747 [2004]).

Defendant failed to preserve for our review his contention that the verdict sheet was improper (*see* CPL 470.05 [2]) and, in any event, that contention is without merit (*see People v Griffin*, 41 AD3d 1285, 1286 [2007], *lv denied* 9 NY3d 923, *reconsid-*

*eration denied* 990 [2007]). Defendant was not deprived of effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. We have considered the contention of defendant in his pro se supplemental brief and conclude that it is without merit. Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.