# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

948

KA 11-01987

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

CIRITO M. CORDERO, DEFENDANT-APPELLANT.

---

KEVIN J. BAUER, ALBANY, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered August 30, 2011. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law § 130.96). Insofar as relevant herein, a defendant commits the crime of predatory sexual assault against a child under section 130.96 when, being 18 years old or more, he or she commits the crime of aggravated sexual abuse in the first degree and the victim is less than 13 years old. A person is guilty of aggravated sexual abuse in the first degree when "he or she inserts a foreign object in the . . . rectum or anus of another person causing physical injury to such person . . . [w]hen the other person is less than [11] years old" (§ 130.70 [1] [c]). We reject defendant's contention that the evidence is legally insufficient to support the conviction because the sworn trial testimony of the six-year-old victim was not corroborated. Following a competency hearing, County Court determined that the victim understood the nature of an oath and thereafter permitted him to give sworn testimony. Thus, there was no requirement that the victim's testimony be corroborated (*see* CPL 60.20 [2], [3]). We reject defendant's further contention that the evidence is legally insufficient because the pediatric trauma surgeon who repaired the victim's bowel did not testify that the instrument used to penetrate the victim's anus and rectum was a fork. The victim testified that defendant used a fork to penetrate him, and the surgeon testified that the instrument used was at least 6 centimeters long and had a sharp edge. We conclude that such testimony constitutes legally sufficient evidence to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "[N]othing in the record suggests that the victim was 'so unworthy of belief as to be incredible as a matter of law' or otherwise tends to establish defendant's innocence of [the] crime[] . . . , and thus it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Woods*, 26 AD3d 818, 819, *lv denied* 7 NY3d 765).

Contrary to defendant's contention, the court did not abuse its discretion in permitting the prosecutor to use leading questions on direct examination of the child victim, particularly in view of the " 'intimate and embarrassing nature of the crime[]' " (*People v Cuttler*, 270 AD2d 654, 655, *lv denied* 95 NY2d 795; *see People v Martina*, 48 AD3d 1271, 1272, *lv denied* 10 NY3d 961). Also contrary to defendant's contention, the court properly denied his request for a missing witness charge with respect to a sexual assault nurse examiner because " 'any testimony that [she] might have been expected to give was already before the jury through medical records and other expert testimony' " (*Stevens v Brown*, 249 AD2d 909, 910; *see People v Wright*, 192 AD2d 875, 877, *lv denied* 82 NY2d 809).

We conclude that the court did not abuse its discretion in permitting the prosecutor to cross-examine defendant regarding his participation in an insurance fraud scheme (*see People v Rivera*, 70 AD3d 1177, 1178-1179, *lv denied* 14 NY3d 891, 15 NY3d 855). Contrary to defendant's further contention, the court did not err in permitting the prosecutor to cross-examine him concerning the circumstances underlying his youthful offender adjudication (*see People v Gray*, 84 NY2d 709, 712; *cf. People v Dizak*, 93 AD3d 1182, 1183, *lv denied* 19 NY3d 972, *reconsideration denied* 20 NY3d 932). We reject defendant's contention that the court erred in permitting the prosecutor to cross-examine him concerning his invocation of the right to counsel. Defendant opened the door to that line of questioning during his testimony on direct examination by creating the misleading impression that he had been arrested without the opportunity to tell his side of the story (*see Leecan v Lopes*, 893 F2d 1434, 1442, *cert denied* 496 US 929; *see generally People v Reid*, 19 NY3d 382, 388-389). To the extent that the prosecutor during summation referred to the victim's stuffed animal, i.e., a "little green frog," and commented that the victim stood up to testify with all the "might of a 45[-]pound boy" and that "the law recognizes that children make the best victims," we conclude that such conduct, although improper, was not so egregious as to deprive defendant of a fair trial (*see People v Lopez*, 96 AD3d 1621, 1622, *lv denied* 19 NY3d 998). Defendant's sentence is not unduly harsh or severe.

We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court