THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN ANDERSON, Appellant. [983 NYS2d 529]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered June 15, 2011, convicting defendant, after a jury trial, of attempted robbery in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years followed by five years' postrelease supervision, unanimously affirmed.

Defendant failed to preserve his challenge to the court's handling of a jury note asking about the possible consequences of a split jury. The court read the note in open court, essentially verbatim, before appropriately apprising the jury that their question was premature and that the court would await the jury's verdict or next communication. The jury then resumed deliberations, and defense counsel raised no objection, either to the court's procedure or the substance of the response. Although the court did not comply precisely with the procedure outlined in *People v O'Rama* (78 NY2d 270 [1991]), no mode of proceedings error occurred and defendant therefore was required to preserve the objection. Defense counsel was on notice of both "the contents of the [jury's] note and the court's response, and failed to object at that time, when the error could have been cured" (*People v Ramirez*, 15 NY3d 824, 826 [2010]; *see also People v Alcide*, 21 NY3d 687, 694 [2013]; *People v Williams*, 21 NY3d 932, 934-935 [2013]; *People v Ippolito*, 20 NY3d 615, 624-625 [2013]).

It was not until the next morning, after the jury had resumed deliberations, that defense counsel complained about what had occurred. However, counsel's belated objection did not suffice to preserve this claim. It was too late for the court to remedy any perceived error because the jury reached a verdict while the court and the parties were discussing the issue. Accordingly, the claim is unpreserved and we decline to review it in the interest of justice.

Furthermore, it is difficult to understand how the court's short instruction, which simply declined to discuss the consequences of a split jury before there actually was one, was improper or could have coerced the jurors into reaching a verdict. There was no indication in the note that the jurors were hung and there was no reason to give an *Allen* charge. We further note that the jury did not immediately render a verdict after the court responded to the jury, undermining any contention that the court's innocuous response coerced a verdict (*compare People v Aponte*, 2 NY3d 304 [2004]). Although the better practice would have been for the court to apprise defense counsel of its proposed response prior to responding to the jury

note, the court was made aware, albeit belatedly, of the response defense counsel thought was necessary. The court had no obligation to do anything further when counsel complained the next morning because the response the court originally gave was appropriate.

Defendant also failed to preserve his claim that the court's ruling limiting cross-examination of a police officer violated his right to present a defense and had the effect of forcing defendant to testify. At the time the court made its ruling, defense counsel voiced no protest and simply continued questioning the officer without making an offer of proof or other argument (*see People v Martich*, 30 AD3d 305 [1st Dept 2006], *lv denied* 7 NY3d 868 [2006]). Defense counsel did not raise an objection until after the officer had left the stand and another witness had finished testifying. Even then, after explaining the basis of the objection, counsel did not ask the court for permission to recall the officer. Nor did counsel advance the current appellate claim that the court's ruling would prejudice defendant by compelling him to testify. Accordingly, the claim is unpreserved, and we decline to review it in the interest of justice.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Friedman, Renwick, Moskowitz and Richter, JJ.