# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

653

KA 11-00492

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

OLIVE STOUTENGER, ALSO KNOWN AS OLIVE DELANEY,
DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, (MARY P. DAVISON OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County
(John J. Brunetti, A.J.), rendered January 10, 2011.  The judgment
convicted defendant, upon a jury verdict, of manslaughter in the first
degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting her
upon a jury verdict of manslaughter in the first degree (Penal Law §
125.20 [1]) and criminal possession of a weapon in the third degree (§
265.02 [1]).  Defendant contends that Supreme Court erred in admitting
in evidence a recorded telephone conversation between her and her
friend inasmuch as it did not fall within a recognized *Molineux*
exception (*see People v Molineux*, 168 NY 264, 293-294).  Contrary to
defendant's contention, the telephone conversation does not present a
*Molineux* issue.  Inasmuch as the People sought to use the telephone
conversation only to challenge defendant's credibility on rebuttal,
not to establish defendant's guilt as part of their case-in-chief, we
conclude that the admissibility of the telephone conversation must be
analyzed pursuant to *People v Buchanan* (145 NY 1, 23-24).

Under the "door-opening" rule set forth in *Buchanan*, otherwise
inadmissible evidence, such as the telephone conversation at issue
here, may be admitted in evidence for the purpose of rebutting a
"misleading impression" created by the defendant (*People v Cordero*,
110 AD3d 1468, 1470, *lv denied* 22 NY3d 1137; *see People v Massie*, 2
NY3d 179, 183-184; *People v Donato*, 202 AD2d 1010, 1010, *lv denied* 83
NY2d 871).  Here, defendant was attempting to evoke the jury's
sympathy by testifying about her remorse and anguish over the victim's
death.  Specifically, defendant testified that, upon learning of the

victim's death, she "started flipping out," "bouncing my head off walls," "screaming," and "going nuts." She further testified that she "didn't want to live," "refused to eat," and was "on suicide watch." We conclude that the court properly permitted the People to introduce the telephone conversation in evidence to rebut defendant's testimony of remorse and anguish (*see Cordero*, 110 AD3d at 1470; *see generally People v Whitlatch*, 294 AD2d 909, 909, *lv denied* 98 NY2d 703).

While we agree with defendant that the court erred in permitting the prosecutor to question her son about an irrelevant and immaterial fistfight between defendant and another woman (*see People v Bradley*, 20 NY3d 128, 134-135), we conclude that the error is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no reasonable possibility that defendant would have been acquitted but for the error (*see People v Johnson*, 155 AD2d 924, 926, *lv denied* 75 NY2d 920; *see also People v Luka*, 177 AD2d 599, 600; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Defendant contends that the court erred in conducting a colloquy with a sworn juror outside of her presence. When defendant's son completed his testimony, a juror overheard him stating that he wanted to punch "that bitch," referring to the prosecutor. The court was advised of the statement and then questioned the juror in the presence of counsel but outside the presence of the other jurors to determine what defendant's son had said and who else might have overheard it. The court then called the remaining jurors into the courtroom to address the issue. At that point, the court realized that defendant had not been present for the colloquy with the juror and counsel and offered to conduct the colloquy again in defendant's presence. Defense counsel declined. Defendant's contention is without merit because the presence of counsel alone was sufficient (*see People v Harris*, 99 NY2d 202, 212).

Defendant's further contention that prosecutorial misconduct during cross-examination of defendant deprived her of a fair trial is preserved for our review only in part, inasmuch as she failed to object to several of the allegedly improper statements (*see People v Jones*, 114 AD3d 1239, 1241). In any event, defendant's contention lacks merit. We conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*id*. [internal quotation marks omitted]; *see People v Smith*, 109 AD3d 1150, 1151, *lv denied* 22 NY3d 1090; *People v Stanley*, 108 AD3d 1129, 1131, *lv denied* 22 NY3d 959; *People v Ward*, 107 AD3d 1605, 1606-1607, *lv denied* 21 NY3d 1078).

Defendant contends in the supplemental brief submitted by appellate counsel with leave of this Court that the court failed to apprise her of a jury note and that such a failure constitutes a mode of proceedings error requiring reversal of the judgment, even if unpreserved (*see People v O'Rama*, 78 NY2d 270, 279-280; *see also* CPL 310.30). We reject defendant's contention that preservation was not required. Here, as in *People v Arnold* (107 AD3d 1526, *lv denied* 22 NY3d 953), "the record does not indicate that the court gave defense counsel notice of the contents of the note outside the presence of the

jury, but it establishes that the court read the note verbatim before the jury, defense counsel, and defendant.  Defense counsel raised no objection" (*id.* at 1527).  Under such circumstances, defendant was required to preserve the alleged error by objection (*see People v Kalb*, 91 AD3d 1359, 1359, *lv denied* 19 NY3d 963; *see also People v Anderson*, 116 AD3d 499, 500).  We decline to exercise our power to address defendant's contention as a matter of discretion in the interest of justice (*see People v Bonner*, 79 AD3d 1790, 1790-1791, *lv denied* 17 NY3d 792).

Finally, the sentence is not unduly harsh or severe.

Entered:  October 3, 2014                       Frances E. Cafarell
                                                Clerk of the Court