# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1295

KA 14-00714

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                              MEMORANDUM AND ORDER

BRANDON E. HOFFERT, DEFENDANT-RESPONDENT.

---

LEANNE K. MOSER, DISTRICT ATTORNEY, LOWVILLE (CALEB J. PETZOLDT OF COUNSEL), FOR APPELLANT.

DONALD R. GERACE, UTICA, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Lewis County Court (Daniel R. King, J.), dated February 14, 2014. The order, insofar as appealed from, dismissed the second count of the indictment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law, that part of defendant's omnibus motion seeking to dismiss the count of sexual abuse in the first degree is denied, that count of the indictment is reinstated and the matter is remitted to Lewis County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to dismiss the second count of the indictment, which charged defendant with sexual abuse in the first degree (Penal Law § 130.65 [1]). Other counts of the indictment charged defendant with, inter alia, burglary in the second degree (§ 140.25 [2]), forcible touching (§ 130.52), and criminal obstruction of breathing (§ 121.11), all arising from the same incident. Insofar as relevant here, the evidence before the grand jury included the victim's testimony that she had previously been in a relationship with defendant and that, on the day in question, defendant sent her text messages demanding to know whether she had another man at her house, entered her house without her permission while she slept, choked and beat her, demanded to know whether she had recently had sex, and forcibly placed his fingers in her vagina after saying " 'I'm going to see if you had sex.' " We agree with the People that County Court erred in granting that part of defendant's motion to dismiss the count charging sexual abuse in the first degree on the ground that the evidence before the grand jury was not legally sufficient to establish a prima facie case of that crime, and we therefore reinstate that count.

" 'Legally sufficient evidence' means competent evidence which,

if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]). Thus, "[o]n a motion to dismiss an indictment based on legally insufficient evidence, the issue is whether the evidence before the [g]rand [j]ury establishes a prima facie case" (*People v Olivo*, 262 AD2d 953, 954).  In deciding a motion to dismiss a count of an indictment for legally insufficient evidence, a "reviewing court's inquiry is limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crime[],' and whether 'the [g]rand [j]ury could rationally have drawn the guilty inference' . . . That other, innocent inferences could possibly be drawn from those facts is irrelevant to the sufficiency inquiry 'as long as the [g]rand [j]ury could rationally have drawn the guilty inference' " (*People v Bello*, 92 NY2d 523, 526).

As relevant here, "[a] person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact . . . [b]y forcible compulsion" (Penal Law § 130.65 [1]), and sexual contact is defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (§ 130.00 [3]).  Consequently, the People were required to submit sufficient evidence from which the grand jury could have inferred that defendant touched the victim's vagina for the purpose of gratifying his or the victim's sexual desire.  It is well settled that, "[b]ecause the question of whether a person was seeking sexual gratification is generally a subjective inquiry, it can be inferred from the conduct of the perpetrator" (*People v Beecher*, 225 AD2d 943, 944; *see People v Willis*, 79 AD3d 1739, 1740, *lv denied* 16 NY3d 864).  Here, we conclude that the evidence before the grand jury, viewed in the light most favorable to the People, was sufficient to permit the grand jury to infer that defendant touched the sexual and intimate parts of the victim's body by forcible compulsion for the purpose of gratifying his sexual desire (*see generally People v Scerbo*, 74 AD3d 1730, 1732, *lv denied* 15 NY3d 757; *People v Fuller*, 50 AD3d 1171, 1174-1175, *lv denied* 11 NY3d 788; *People v Watson*, 281 AD2d 691, 697, *lv denied* 96 NY2d 925).  To require, as defendant suggests, that the reviewing court accept the explanation that defendant proffered for his conduct, "would skew a reviewing court's inquiry and restrict, if not extinguish, the [g]rand [j]ury's unassailable authority to consider logical inferences that flow from the facts presented to it" (*Bello*, 92 NY2d at 527).

The People's further contention is academic in light of our determination.

Entered:  February 6, 2015                          Frances E. Cafarell
                                                    Clerk of the Court