# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**471**

**KA 15-00114**

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

SHEMARIAH L. OWENS, DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.

BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT.

---

Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered January 12, 2015. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and two counts of endangering the welfare of a child (§ 260.10 [1]). Contrary to defendant's contention, County Court did not abuse its discretion in permitting a child witness to testify even though her name had not been included on the witness list. Inasmuch as a witness list is required only in situations involving alibi witnesses and witnesses called to rebut an alibi (*see* CPL 250.20), and it is indisputable that the child witness was neither an alibi witness nor a witness called to rebut an alibi, we conclude that the court did not abuse its discretion in permitting the child witness to testify (*see People v Stacchini*, 108 AD3d 866, 867). To the extent that defendant claims he needed more time to prepare to cross-examine the child witness, that issue is unpreserved for our review because defendant never requested an adjournment or continuance (*see People v Jornov*, 65 AD3d 363, 370; *see also People v Ressler*, 302 AD2d 921, 921; *see generally* CPL 470.05 [2]).

Defendant further contends that the court erred in permitting that child witness to testify concerning prior bad acts or uncharged crimes without first holding a *Ventimiglia* hearing, and that he was thereby denied a fair trial. Inasmuch as defendant raised that contention for the first time in a posttrial CPL 330.30 motion, it is not preserved for our review (*see generally People v Padro*, 75 NY2d 820, 821, *rearg denied* 75 NY2d 1005, *rearg dismissed* 81 NY2d 989), and we decline to exercise our power to review it as a matter of

discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant contends that the court erred in permitting the prosecutor to use leading questions when examining various child witnesses.  With the exception of one question, that contention is not preserved for our review (*see People v Boyd*, 50 AD3d 1578, 1578, *lv denied* 11 NY3d 785) and, in any event, the contention lacks merit.  It is well settled that " '[l]eading questions may be permitted of a child victim in a sexual abuse case so the child's testimony can be clarified or expedited if the child is apparently unwilling to testify freely' " (*id.*).  Moreover, " 'whether to permit the use of leading questions on direct examination is a matter within the sound discretion of the trial court and [the court's ruling on that issue] will not be disturbed absent a clear demonstration of an abuse of discretion' " (*People v Martina*, 48 AD3d 1271, 1272, *lv denied* 10 NY3d 961; *see People v Cuttler*, 270 AD2d 654, 655, *lv denied* 95 NY2d 795).  Here, "particularly in view of the intimate and embarrassing nature of the crime[s]," we conclude that the court did not abuse its discretion (*People v Cordero*, 110 AD3d 1468, 1470, *lv denied* 22 NY3d 1137 [internal quotation marks omitted]; *see Martina*, 48 AD3d at 1272).

We agree with the People that defendant's challenges to the legal sufficiency of the evidence, to the extent that they are preserved, lack merit.  Addressing first defendant's contention that the evidence is legally insufficient with respect to the dates of the alleged crimes, we conclude that defendant failed to preserve that contention for our review inasmuch as he failed to make a motion to dismiss that was "specifically directed" at that alleged error (*People v Gray*, 86 NY2d 10, 19).  In any event, that contention lacks merit (*see People v Erle*, 83 AD3d 1442, 1444, *lv denied* 17 NY3d 794).

We have reviewed defendant's remaining challenges to the legal sufficiency of the evidence and conclude that they lack merit (*see generally People v Bleakley*, 69 NY2d 490, 495).  The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), establishes that defendant subjected both child victims to sexual contact as that term is defined in Penal Law § 130.00 (3) (*see People v Hoffert*, 125 AD3d 1386, 1387-1388, *lv denied* 25 NY3d 990; *see also Matter of Daniel R. [Lucille R.]*, 70 AD3d 839, 841).  Moreover, "[i]t is well settled that, '[b]ecause the question . . . whether a person was seeking sexual gratification is generally a subjective inquiry, it can be inferred from the conduct of the perpetrator' " (*Hoffert*, 125 AD3d at 1388; *see People v Chrisley*, 126 AD3d 1495, 1496, *lv denied* 26 NY3d 1007; *People v Anthony D.*, 259 AD2d 1011, 1011, *lv denied* 93 NY2d 1001).  The inference that defendant was seeking sexual gratification is " 'clearly appropriate' " where, as here, a nonrelative touches the intimate parts of a child (*People v Watson*, 281 AD2d 691, 698, *lv denied* 96 NY2d 925; *see* § 130.00 [3]; *People v Fuller*, 50 AD3d 1171, 1175, *lv denied* 11 NY3d 788).  Inasmuch as the evidence is legally sufficient to support the conviction of sexual abuse in the first degree, "it necessarily also [is] legally sufficient with respect to the conviction of endangering the welfare of a child" (*People v Scerbo*, 74 AD3d 1730, 1732, *lv*

*denied* 15 NY3d 757).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  April 28, 2017                        Frances E. Cafarell
                                                Clerk of the Court