People v Kelly (2018 NY Slip Op 01131)





People v Kelly


2018 NY Slip Op 01131


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


5722 6061/10

[*1]The People of the State of New York, Respondent,
v
Anthony Kelly, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.



Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered July 17, 2014, as amended September 11, 2014, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
The court properly declined to charge the jury on the affirmative defense of extreme emotional disturbance (EED). The evidence was insufficient, viewed in the light most favorable to defendant, to support a finding that at the time he killed the victim, defendant was actually under the influence of EED (see People v Roche, 98 NY2d 70, 75-78 [2002]). Among other things, his actions after the crime indicated that he was not affected by an emotional disturbance, but was capable of exercising self-control by attempting to come up with several stories explaining why he stabbed the victim (see People v Moronta, 96 AD3d 418, 420 [1st Dept 2012], lv denied 20 NY3d 987 [2012]; People v Acevedo, 56 AD3d 341, 341-342 [1st Dept 2008], lv denied 12 NY3d 813 [2009]). In this case, defendant's claim of having been under the influence of PCP went to the defense of intoxication, which the court charged. It did not charge EED. However, it did charge first and second-degree manslaughter, which was advantageous to defendant.
By acquiescing in the court's ruling, and failing to make any offer of proof, defendant failed to preserve his contention that the court improperly precluded the defense psychologist from opining on whether defendant was under the influence of EED at the time of the crime (see e.g. People v George, 67 NY2d 817, 819 [1986]; People v Anderson, 116 AD3d 499, 501 [1st Dept 2014], lv denied 24 NY3d 958 [2014]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court's ruling was a provident exercise of discretion (see People v Diaz, 51 NY2d 841 [1980]). In any event, any error in this regard was harmless. In the first place, the psychologist was permitted to testify in detail about defendant's mental condition. Furthermore, as discussed above, there was overwhelming evidence negating EED. Given the objective circumstances of the crime and its aftermath, the proffered opinion would not have met defendant's burden of establishing the EED defense, or have even created a jury issue warranting submission of that defense. Finally, this particular psychologist's opinion on EED would have had little probative value, given the limits of his actual expertise.
Defendant's general objections failed to preserve his challenges to the People's impeachment of the defense psychologist, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The court providently exercised its discretion in allowing impeachment of the psychologist about acts of misconduct in other cases where he testified as an expert witness (see generally People v Smith, 27 NY3d 652, 660 [2016]). The People established a good faith basis for the questioning, it was relevant to credibility, and it was not unduly prejudicial.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK