People v Caruso (2023 NY Slip Op 04861)

People v Caruso

2023 NY Slip Op 04861

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

643 KA 22-01603

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY J. CARUSO, JR., DEFENDANT-APPELLANT. 

LAW OFFICE OF JAMES L. RIOTTO, II, ROCHESTER (WILLIAM M. SWIFT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (JEFFERY R. FRIESEN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered May 3, 2022. The judgment convicted defendant, upon a jury verdict, of strangulation in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of strangulation in the second degree (Penal Law § 121.12), arising from an incident of escalating aggression directed at the victim after defendant arrived at the victim's home, at her invitation, following their meeting for the first time at a bar earlier in the day. We affirm.
Defendant contends that he was denied his due process rights to a fair trial and to present a defense because the People violated their obligations under Brady v Maryland (373 US 83 [1963]) and CPL article 245 by failing to timely disclose that the victim had provided defendant with cocaine at her home. We reject that contention.
Contrary to defendant's assertion, we conclude that the information that the victim provided defendant with cocaine at her home was not suppressed by the prosecution and, consequently, there was no Brady violation with respect thereto. "Evidence is not suppressed where the defendant 'knew of, or should reasonably have known of, the evidence and its exculpatory [or impeaching] nature' " (People v LaValle, 3 NY3d 88, 110 [2004], quoting People v Doshi, 93 NY2d 499, 506 [1999]). Here, defendant "knew or should have known that he [had been provided with] drugs" by the victim (LaValle, 3 NY3d at 110). In any event, even assuming, arguendo, that the People were required to disclose that information, we conclude that defendant was not prejudiced by any delay in disclosure because the record establishes that he was "given a meaningful opportunity to use the allegedly exculpatory [or impeaching] material to cross-examine the People's witnesses or as evidence during his case" (People v Cortijo, 70 NY2d 868, 870 [1987]; see People v Thomas, 158 AD3d 1135, 1135 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]; People v Dillon, 34 AD3d 1230, 1230 [4th Dept 2006], lv denied 8 NY3d 879 [2007]). There is "no reasonable possibility that the outcome of the trial would have differed had the [information] been [disclosed sooner]" (People v Scott, 88 NY2d 888, 891 [1996]; see Thomas, 158 AD3d at 1135-1136).
Similarly, even assuming, arguendo, that the People did not "expeditiously notify" defendant when, subsequent to the service and filing of their original and supplemental certificates of compliance, they learned from the victim that she had provided defendant with cocaine (CPL 245.60; see CPL 245.20 [1] [k]), we conclude that County Court did not err in refusing to impose a remedy or sanction because defendant failed to show that he was prejudiced by the belated disclosure (see CPL 245.80 [1] [former (a)]). In addition, we note that defendant had reasonable time to prepare and respond to the ostensibly new information (see id.).
We also reject defendant's related contention that the court erred in denying his motion seeking a mistrial or, alternatively, to strike the testimony of the victim when the prosecutor, after jury deliberations began, corrected her earlier misstatement to the court about when the People became aware that the victim had provided defendant with cocaine. Contrary to defendant's contention, there is no indication in the record that the prosecutor intentionally misled the court with her initial statement inasmuch as the prosecutor, at that time, merely did not accurately recall the date of the subject pretrial conversation with the victim or whether the victim had disclosed that she had provided the cocaine, nor does the record establish that defendant suffered any prejudice given that the prosecutor simply corrected her earlier misstatement to reflect that the People had been aware of the victim's conduct one day earlier than initially reported (see People v Garner, 145 AD3d 1573, 1574 [4th Dept 2016], lv denied 29 NY3d 1031 [2017]; People v Smith, 28 AD3d 204, 205 [1st Dept 2006], lv denied 7 NY3d 763 [2006]; see generally People v Nelson, 144 AD2d 714, 716 [3d Dept 1988], lv denied 73 NY2d 894 [1989]).
Defendant further contends that the People violated their obligations under Brady and CPL 245.20 (1) (l) by failing to timely disclose their ostensible implied promise not to prosecute the victim for providing defendant with cocaine. We conclude that defendant's contention lacks merit inasmuch as the record establishes that "there was no agreement with [the victim]—tacit or otherwise" (People v Giuca, 33 NY3d 462, 474 [2019]).
Next, defendant contends that the People violated their obligation under Brady by failing to provide him with the victim's purported mental health records. We reject that contention. The record establishes that "[t]he People provided defendant with all materials in their possession that indicated that the victim had received psychiatric treatment [and been prescribed medications]" and, "[b]ecause the People did not possess the [purported] psychiatric records requested by defendant, their failure to produce them is not a Brady violation" (People v Sealey, 239 AD2d 864, 865 [4th Dept 1997], lv denied 90 NY2d 910 [1997]; see People v Sims, 167 AD2d 952, 952 [4th Dept 1990]). Defendant's related contentions that the People were obligated to ascertain the existence of any mental health records and disclose them pursuant to CPL 245.20 (1) (k) and (2) were specifically raised for the first time in his posttrial CPL 330.30 motion, and therefore those contentions are not preserved for our review (see generally People v Padro, 75 NY2d 820, 821 [1990], rearg denied 75 NY2d 1005 [1990], rearg dismissed 81 NY2d 989 [1993]; People v Owens, 149 AD3d 1561, 1562 [4th Dept 2017], lv denied 30 NY3d 982 [2017]). We decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further contends that the People violated Brady and CPL 245.20 (1) (p) by failing to disclose the victim's ostensible out-of-state "conviction" for driving while intoxicated (DWI). Inasmuch as defendant raised that contention for the first time in his posttrial CPL 330.30 motion, it is not preserved for our review (see Owens, 149 AD3d at 1562; People v Jones, 90 AD3d 1516, 1517 [4th Dept 2011], lv denied 19 NY3d 864 [2012]; see generally Padro, 75 NY2d at 821). In any event, defendant's contention lacks merit. The only information in the record with respect to the incident establishes that the victim's DWI charge was "dropped," and thus there was no "judgment[] of conviction" regarding that incident that the People were required to disclose (CPL 245.20 [1] [p]; see generally People v Elmore, 211 AD3d 1536, 1538 [4th Dept 2022]). Additionally, the record establishes that the People made "a diligent, good faith effort to ascertain the existence" of any such record of conviction by reviewing documentation of the victim's criminal history, which revealed no prior out-of-state DWI conviction (CPL 245.20 [2]; see People v Robbins, 206 AD3d 1069, 1072-1073 [3d Dept 2022], lv denied 39 NY3d 942 [2022]; see also CPL 245.20 [1] [k]; 245.55 [1]).
We have considered defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court