People v Geminiani (2024 NY Slip Op 50742(U))

[*1]

People v Geminiani

2024 NY Slip Op 50742(U)

Decided on June 17, 2024

Justice Court Of The Town Of Mendon

Maxon, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 17, 2024
Justice Court of the Town of Mendon

The People of the State of New York

against
Alessandro Geminiani, Defendant.

Index No. CR 23-130122-MSO

For the People:
SANDRA DOORLEY, ESQ.
MONROE COUNTY DISTRICT ATTORNEY
By Sarah N. Pittman, Esq., Assistant District Attorney
47 S. Fitzhugh St.
Rochester, NY 14614
For Defendant:
SARAH E. WESLEY, ESQ.
EASTON THOMPSON KASPEREK SHIFFRIN LLP
16 W. Main St., Suite 243
Rochester, NY 14614

Stephen A. Maxon, J.

Defendant is charged by misdemeanor information with criminal contempt in the second degree (Penal Law § 215.50 [3]) and stalking in the fourth degree (§ 120.45 [2]). By notice of motion dated June 10, 2024, defendant moved to dismiss the accusatory instrument on the ground that the People failed to comply with their mandatory discovery obligations under CPL article 245 prior to filing a certificate of compliance, thereby rendering the prosecution untimely pursuant to CPL 30.30. The People opposed defendant's motion; the Court heard oral argument from the parties; and the Court has considered the parties' supplemental email submissions.
Defendant was arraigned before Pittsford Town Court on August 9, 2023. The People filed their certificate of compliance on April 9, 2024. In relevant part, the certificate of [*2]compliance stated that the People had disclosed, inter alia, all information tending to impeach the credibility of any of their testifying witnesses (CPL 245.20 [1] [k] [iv]), all judgments of conviction for designated prosecution witnesses (CPL 245.20 [1] [p]), and a list of all known pending criminal actions against designated prosecution witnesses (CPL 245.20 [1] [q]). What the certificate of compliance did not include, however, was any information about the arrest and prosecution of the complainant in defendant's case. Complainant was arrested on October 20, 2023 for driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), prosecuted in Brighton Town Court by the Monroe County District Attorney's office, and sentenced, pursuant to a guilty plea, on March 18, 2024. Information regarding this matter was disclosed by the People only after defense counsel contacted the prosecutor on June 5, 2024, acting on information defendant had received from an uninvolved individual two days earlier. The People filed a supplemental certificate of compliance on June 7, 2024.
Defendant's motion asserts that failing to disclose the information regarding complainant's arrest, prosecution, and sentencing rendered the certificate of conviction invalid and illusory, meaning that the People were not ready for trial within the 90-day limit established by CPL 30.30 (1) (b). Alternatively, defendant requests dismissal of the accusatory instrument or preclusion of complainant as a witness as a discovery sanction pursuant to CPL 245.80. At oral argument and through email submissions, defense counsel also challenges the failure to timely disclose the information on Brady grounds. In opposition, the People respond that they had acted in good faith to produce all the information of which the prosecutor was aware, and that the delay in disclosure was a mere oversight that should not be fatal to the case. The People also argue that even if the certificate of compliance is declared invalid, dismissal on speedy trial grounds would still be unwarranted, because almost all time that elapsed resulted from defense counsel's requests for adjournments, a motion date, and a trial date. Certificate of Compliance
The key question in determining the propriety of a certificate of compliance "is whether the prosecution has exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery" (People v Bay, 41 NY3d 200, 211 [2023], quoting CPL 245.50 [1]). Due diligence is "a familiar and flexible standard that requires the People to make reasonable efforts to comply with statutory directives" (Bay, 41 NY3d at 211-212 ["Reasonableness . . . is the touchstone"]). A showing of good faith is insufficient to cure a lack of diligence (see id. at 212; see also CPL 245.20 [2]; 245.50 [1], [3]), and post-filing disclosure combined with a supplemental certificate of conviction "cannot compensate for a failure to exercise diligence" before filing the initial certificate of conviction (Bay, 41 NY3d at 212). An assessment of due diligence should include consideration of "the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id.). The criminal history of a complainant is a significant mandatory item of discovery that is critical to the underlying case where the success of a prosecution will depend on an assessment of credibility (see People v Mitchell, — AD3d &mdash, 2024 NY Slip Op 03256 at *4 [4th Dept Jun. 14, 2024]).
In this case, the Court finds that the People failed to establish that they exercised the requisite diligence in locating and disclosing information related to the arrest, prosecution, and sentencing of complainant. The People offered no explanation for the failure of disclosure, but characterized it as an "oversight" that was not made in bad faith. Although the prosecutor in this case did not personally prosecute complainant, the entire office constructively possessed the knowledge that a criminal action was pending against complainant (see CPL 245.20 [1] [q]) and, later, that she had been convicted of a crime (see CPL 245.20 [1] [p]). Although this information was easily obtained by a search of the office's internal database, there is no indication that any affirmative steps were taken to obtain and disclose it before the initial certificate of compliance was filed (see Mitchell, 2024 NY Slip Op 03256 at *3-4) — and post-filing disclosure does not compensate for a failure to exercise diligence in the first instance (see id., citing Bay, 41 NY3d at 212). As a result of this lapse, the initial certificate of compliance is declared improper and the accompanying statement of readiness stricken as illusory.
The Court denies defendant's corresponding request for sanctions pursuant to CPL 245.80. Such sanctions shall be "appropriate and proportionate to the prejudice suffered by the party entitled to disclosure" (CPL 245.80 [1] [a]). Here, defendant received notice of complainant's conviction more than five weeks before trial, providing sufficient time to investigate the matter and formulate a plan to use the information strategically at trial. Complainant's conviction is entirely unrelated to any charges against defendant, and will be useful to defendant only for purposes of impeachment. Precluding complainant's testimony in this case would not be proportionate to the prejudice asserted by defendant. For similar reasons, the Court denies defendant's oral application for similar relief on the ground that the belated disclosure constitutes a Brady violation. Under the circumstances, the delay in disclosure has not denied defendant a "meaningful opportunity to use the . . . impeaching material to cross-examine the People's witnesses or as evidence during his case" (People v Caruso, 219 AD3d 1682, 1683 [4th Dept 2023]; see People v Cortijo, 70 NY2d 868, 870 [1987]). 
The Court further finds that the People did not file a valid certificate of compliance until their post-argument submission on June 13, 2024. In reaching that conclusion, the Court rejects defendant's argument, advanced in his own post-argument submission, that the June 13 certificate of compliance is necessarily invalid because the People declined to provide any additional information concerning complainant's conviction. It is nonetheless true that the statute requires the prosecution to disclose "[a]ll evidence and information [within its control] . . . that tends to impeach the credibility of a testifying prosecution witness" (CPL 245.20 [1] [k]). Because a police report or some other document within the possession of the People may yet qualify for disclosure under this section, the Court hereby orders the People to produce the contents of complainant's file for in camera review within one week of the receipt of this decision, i.e., by June 24, 2024. A ruling concerning the documents found therein will be issued by June 27.
Speedy Trial
"Any statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of [CPL] 245.20" (CPL 30.30 [5]) and, "[n]otwithstanding the provisions of any other law" and "absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial for purposes of [CPL] 30.30 . . . until it has filed a [*3]proper certificate" pursuant to CPL 245.50 (1) (CPL 245.50 [3]; see Bay, 41 NY3d at 210; Mitchell, 2024 NY Slip Op 03256 at *3). These statutes require that a proper certificate of compliance be filed before the People may be deemed ready for trial (see Bay, 41 NY3d at 213-214; Mitchell, 2024 NY Slip Op 03256 at *3). In this misdemeanor case, the People have 90 days to be ready for trial (CPL 30.30 [1] [b]). "Whether the People have satisfied that obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excusable under the terms of the statute" (Mitchell, 2024 NY Slip Op 03256 at *3; see People v Cortes, 80 NY2d 201, 208 [1992], rearg denied 81 NY2d 1068 [1993]).
As noted above, defendant was arraigned on August 9, 2023, 309 days before the People established readiness for trial on June 13, 2024. At oral argument, the parties agreed that the first 27 days of time following the arraignment were chargeable to the People, and that adjournments were subsequently requested by the defense on September 5, 2023, October 3, 2023, November 4, 2023, December 5, 2023, January 11, 2024, February 8, 2024, and March 14, 2024. At the next appearance on April 11, 2024, defendant requested a motion date. The Court scheduled a motion date of May 9, an appearance on June 13, and a jury trial commencing July 11. The People filed a Molineux/Sandoval application on May 24, which was argued on June 13.
In the motion to dismiss, defendant argues that it is improper to exclude any time from the CPL 30.30 calculation. But the amendments to CPL article 245 did not change the general rule that prereadiness adjournments granted at the request of the defense do not count against the People for speedy trial purposes (see CPL 30.30 [4] [b]; see Bay, 41 NY3d at 213 [improper certificate of compliance results in dismissal of case only where time chargeable to the People exceeds the statutory limit]; People v Kopciowski, 68 NY2d 615, 616-617 [1986] ["Where adjournments are allowed at defendant's request, those periods of delay are expressly waived in calculating the People's trial readiness, without the need for the People to trace their lack of readiness to defendant's actions"]; People v Khalil, 206 AD3d 1300, 1301-1302 [3d Dept 2022], lv denied 38 NY3d 1188 [2022], cert denied 143 S Ct 2439 [2023]; People v Carmona, 79 Misc 3d 1236[A] at *6-7 [Mount Vernon City Ct 2023]). All of the time that elapsed between September 5, 2023 and April 11, 2024 resulted from defense requests for adjournment and therefore does not count against the People's 90-day limit (see CPL 30.30 [4] [b]). The 28-day period attributable to defendant's April 11 request for a motion date is also excludable, even though no motions were ultimately made at that time (CPL 30.30 [4] [a]; see People v Brown, 99 NY2d 488, 491-492 [2003]). It is therefore not necessary to decide whether the People's own application stayed the speedy trial clock pursuant to CPL 30.30 (4) (a) (see People v Reed, 19 AD3d 312, 314-315 [1st Dept 2005], lv denied 5 NY3d 832 [2005] ["CPL 30.30 (4) (a) applies to all pre-trial motions concerning the defendant, not just defense motions"]; see generally People v Khan, 18 NY3d 535, 543 [2012] ["motion practice . . . is an excuse for not being ready"]); only 35 additional days elapsed between the May 9 appearance and the June 13 filing of the valid certificate of compliance. Because no more than 62 days of delay are attributable to the People, the Court denies defendant's motion to dismiss the accusatory instrument pursuant to CPL 30.30.
This constitutes the Decision and Order of the Court.
ENTER:
Dated: June 17, 2024
Honeoye Falls, New York
___________________________
Hon. Stephen A. Maxon
Mendon Town Justice