People v Khauka (2026 NY Slip Op 00728)

People v Khauka

2026 NY Slip Op 00728

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

943 KA 22-01867

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vERIC K. KHAUKA, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (KERRY A. CONNER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered March 17, 2022. The judgment convicted defendant upon a jury verdict of robbery in the second degree (two counts) and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]) and one count of assault in the third degree (§ 120.00 [1]).
Defendant contends that the evidence is legally insufficient to support the conviction on the issue of his identity as one of the three men involved in the subject crimes. We reject that contention. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's identity as one of the three people who committed the robbery (see People v Rainey, 231 AD3d 1533, 1534 [4th Dept 2024], lv denied 43 NY3d 932 [2025]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Among other things, video of the incident and testimony from those who observed it reflected that a man wearing a ski mask, generally fitting defendant's description, had been involved in the robbery. Less than two hours after the robbery, the police stopped a vehicle that contained defendant, his two accomplices, the victim's property, and, next to defendant, a black knit face mask. Furthermore, one of the accomplices testified at trial as to defendant's involvement in the crime. To the extent that defendant contends that the accomplice testimony was not sufficiently corroborated, we conclude that the other evidence at trial sufficiently "tend[ed] to connect . . . defendant with the commission of the crime[s] in such a way as [could] reasonably satisfy the jury that the accomplice [was] telling the truth" (People v Reome, 15 NY3d 188, 192 [2010] [internal quotation marks omitted]; see People v Gause, 230 AD3d 1573, 1575 [4th Dept 2024], lv denied 43 NY3d 930 [2025]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant further contends that he was denied effective assistance of counsel as a result of defense counsel's failure to make a motion to dismiss the indictment based on the alleged denial of his statutory right to a speedy trial (see CPL 30.30 [1] [a]). A failure of defense counsel to assert a meritorious statutory speedy trial claim "is, by itself, a sufficiently egregious error to render a defendant's representation ineffective" (People v Sweet, 79 AD3d 1772, 1772 [4th Dept 2010] [internal quotation marks omitted]; see People v Bailey, 195 AD3d 1486, 1487 [4th Dept 2021], lv denied 37 NY3d 990 [2021]). A defendant is not required, however, to show that such a motion would have been meritorious in order to prevail on an ineffective assistance of counsel claim; the defendant must demonstrate only that there was an "absence of strategic or other [*2]legitimate explanations for counsel's failure to pursue [a] colorable [motion]" (People v Carver, 27 NY3d 418, 420 [2016] [internal quotation marks omitted]). We conclude here that the record on appeal is inadequate to enable us to determine whether a CPL 30.30 motion would have been "colorable . . . and, if so, whether [defense] counsel had a strategic or legitimate reason for failing to [make the motion]" (People v Heverly, 230 AD3d 1534, 1535 [4th Dept 2024], lv denied 42 NY3d 1053 [2024]). Thus, defendant's contention "is appropriately raised by way of a motion pursuant to CPL article 440" (People v Henderson, 234 AD3d 1254, 1256 [4th Dept 2025] [internal quotation marks omitted]; see People v Alverado, 178 AD3d 1465, 1466 [4th Dept 2019], lv denied 35 NY3d 940 [2020]).
Contrary to defendant's further contention, County Court did not abuse its discretion in denying his motion to preclude the testimony of his accomplice due to the People's belated disclosure of the accomplice's criminal history (see generally People v Everson, 240 AD3d 1343, 1345 [4th Dept 2025]). If a party demonstrates that they were prejudiced by a belated disclosure, the discovery sanction or remedy to be imposed for such a violation must be "appropriate" (CPL 245.80 [1] [former (a)]). Even absent a showing of prejudice, however, the party "shall be given reasonable time to prepare and respond to the new material" (id.). Here, defendant made no specific showing of prejudice. We therefore conclude that no sanction was required (see People v Phillips, 239 AD3d 1421, 1423-1424 [4th Dept 2025], lv denied 44 NY3d 1012 [2025]; People v Caruso, 219 AD3d 1682, 1684 [4th Dept 2023]). Further, the court provided defense counsel an opportunity to review the material and specifically asked defense counsel if he wanted an adjournment to further review it. Defense counsel responded that an adjournment was not necessary and opted to proceed (see generally Caruso, 219 AD3d at 1684).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court